IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Karen Weed, | ) |
|                 Plaintiff, | ) ) ) |
| v. | ) ) |
| Board of Education of the City of Chicago; a politic and corporate, and Jean-Claude Brizard, in his official capacity; Office of the Sheriff of Cook County, a/k/a Sheriff of Cook County; Salvador A. Godinez, as Executive Director of the Cook County Sheriff's Department of Corrections, | ) ) ) ) ) ) ) ) |
|                 Defendants. | ) |

Plaintiff Demands a Jury

**COMPLAINT**

**Jurisdiction and Venue**

1. At all times relevant hereto, plaintiff was a resident of Cook County, Illinois.

2. The actions of defendants about which plaintiff complains herein were performed in Cook County, Illinois.

3. Defendant Board of Education of the City of Chicago ("Board") is an educational employer within the meaning of Section 2(a) of the Illinois Educational Labor Relations Act. The Board is charged with operating a free public school system within the City of Chicago and is responsible for the operation of roughly 685 elementary and secondary schools.

4. Defendant Sheriff's Office of Cook County has within its jurisdiction the operation of the Cook County Department of Corrections located in Chicago, Illinois.

5. Defendant Jean-Claude Brizard is the Chief Executive Officer of the Chicago Public Schools and is sued here in his official capacity.

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as well as

under 28 U.S.C. § 1343 for claims for deprivation of constitutional rights under 42 U.S.C. § 1983. Venue is proper under 28 U.S.C. § 1391(b) as all defendants reside or maintain offices within this judicial district.

## Background Facts

7. Plaintiff Karen Weed at all times relevant herein was a certified K-12 schoolteacher and was licensed to teach in schools in Illinois in accordance with the licensing and certification requirements of the Illinois State Board of Education. At all times relevant herein, she was eligible to teach K-12 in the State of Illinois and, specifically, within the City of Chicago.

8. For more than 30 years, plaintiff Karen Weed taught school in Chicago. Her employer was the defendant Chicago Board of Education.

9. The Illinois School Code, 105 ILCS 5/34-84, at all times relevant hereto provided that appointments of teachers become "permanent" after 3 years. This is commonly referred to as "tenure."

10. At all times relevant herein, the Illinois School Code, 105 ILCS 5/34-85 further provided (and continues to provide) that (except for instances of economic layoffs) tenured teachers may be terminated only "for cause," and that they must be given notice and a hearing prior to a termination for cause.

11. At all times relevant herein, plaintiff Karen Weed was a tenured schoolteacher and had a property interest conferred by state statute in continued employment as a schoolteacher.

12. At all times relevant herein, plaintiff Karen Weed received excellent to superior performance evaluations in her job as a Chicago Public Schools teacher.

13. Since about 1983 until July 2010, plaintiff Karen Weed's assigned work location was at a Chicago Alternative High School located within the Cook County Department of Corrections in Cook County, Illinois, commonly referred to as York Alternative High School.

14. At all times relevant hereto, the Sheriff's Office of Cook County was responsible for operating the Cook County Department of Corrections in Chicago (hereinafter referred to as "the jail") in which the Chicago Board of Education's York Alternative High School was located. The students who attended York Alternative High School were all pre-trial detainees of the Cook County criminal justice system.

15. On July 9, 2010, a security officer employed by the Sheriff's Office of Cook County at the jail in a routine search of plaintiff Karen Weed's purse extracted a letter from the purse allegedly written by a former detainee addressed to a current detainee. The security officer took the letter and told Karen Weed that an investigation would be conducted into the incident. At that time, Ms. Weed was 59 years old and had only a few years remaining in order to achieve her maximum pension benefits rights. Also at that time, on information and belief, the defendant Sheriff's Office of Cook County's own policies and procedures required that a reasonable investigation be conducted into the incident before any determination was made concerning whether to revoke Ms. Weed's access to the jail.

16. On July 19, 2010, the Sheriff's Office of Cook County prepared a letter and sent it to Karen Weed's Principal, Brenetta Glass, stating that "it is the determination of this office that Ms. Karen Weed's access to the Cook County Department of Corrections is revoked." The defendant Sheriff's Office of Cook County further instructed the Principal to retrieve Ms. Weed's identification card and return it to the Sheriff's Office. The letter was cc'd to Salvador A. Godinez, Executive Director of the Cook County Department of Corrections who had final policy making authority for the jail.

17. In actual fact, in contravention of the jail's and the Sheriff's Office's own rules and regulations and policies and procedures which required that a reasonable investigation of the July 9, 2010 incident first be conducted, no such investigation was conducted prior to the

"determination" that was made by the Sheriff's Office to revoke Ms. Weed's access to the jail.

18. Only four days later, on July 23, 2010, the Chicago Board of Education via a letter fired Karen Weed without any notice or a hearing, in direct contravention of the Illinois School Code that requires notice and a hearing before firing a tenured teacher, and stated that she is "ineligible" to teach and that she is therefore "displaced" and "honorably dismissed as a teacher from Chicago Public Schools."

19. Plaintiff Karen Weed at the age of 59 worked hard to mitigate her losses and searched diligently for another teaching job within the Chicago Public Schools system. Finally, in October 2010, she found another teaching job but it paid far less, approximately $30,000 per year less, than her other position at York. As a proximate result, she lost not only wages in decreased salary but also has permanently been adversely impacted in her pension resulting in lower pension benefits for the remainder of her life.

20. On or about April 2012, the defendant Sheriff's Office of Cook County, contacted plaintiff Karen Weed and stated that it was contacting her in order to investigate the July 9, 2010 incident. When plaintiff asked for a copy of the so-called investigation, defendant Sheriff's Office of Cook County admitted in a letter that in truth no investigation had been conducted. Thus, defendant Sheriff's Office of Cook County arbitrarily and capriciously revoked Karen Weed's access to the jail on July 19, 2010 and failed to give Karen Weed the process that was due her as required by its own regulations and policies.

**COUNT I – 42 U.S.C. § 1983- Defendant Chicago Board of Education**

1-20. Plaintiff incorporates by reference herein the allegations in paragraphs 1 through 20 above as and for her allegations for paragraphs 1 through 20 of Count I herein as though fully restated and realleged herein.

21. The defendant Chicago Board of Education deprived plaintiff Karen

Weed, a tenured schoolteacher, of procedural due process under the Fourteenth Amendment, in violation of 42 U.S.C. § 1983, when it terminated her in July 2010 without notice or a hearing in contravention of the Illinois School Code which required that she be given notice and a hearing before she was terminated.

22. As a pretext to hide its illegal actions, defendant conjured up nonsensical terms such as "ineligible" and "displaced" for plaintiff Karen Weed when, in actual fact, it knew that she was indeed "eligible" to teach in Chicago Public Schools and that she was not in truth "displaced" (a term used to refer to person who are laid off for economic reasons), and it knew that by reason of her status as a tenured teacher she was entitled to be placed in another vacant position within the Chicago Public School system and had priority over all other, non-tenured teachers for such vacant positions, and that she could not be fired without notice and a hearing.

23. Under these circumstances, defendant's conduct was intentional and/or performed with reckless indifference to the constitutional rights of the plaintiff and was particularly outrageous and warrants punitive damages.

Wherefore, plaintiff respectfully requests that judgment be awarded in her favor and against the defendant Chicago Board of Education on Count I and that she be awarded damages that make her whole, including lost wages and lost value of her pension benefits, as well as compensatory damages, and punitive damages, plus costs and attorney's fees. Plaintiff also requests such additional damages and relief as the law allows in fairness and equity.

**COUNT II-42 USC § 1983-Defendant Sheriff's Office of Cook County and Salvador Godinez**

24-43. Plaintiff incorporates by reference herein the allegations in paragraphs 1 through 20 in Count I above as and for her allegations for paragraphs 24 through 43 of Count II herein as though fully restated and realleged herein.

44. The defendant Cook County Sheriff's Office and Salvador Godinez, Executive

Director of the jail, deprived plaintiff Karen Weed of procedural due process under the Fourteenth Amendment, in violation of 42 U.S.C. § 1983, when they revoked her access to the Cook County Department of Corrections on July 19, 2010 without affording Karen Weed due process including first conducting a reasonable investigation into the July 9, 2010 incident and giving Karen Weed an opportunity to explain her side of the story in contravention of its own rules and regulations and policies and procedures.

45. Defendants' conduct was particularly outrageous as evidenced by the fact that nearly 2 years later, they contacted Karen Weed stating that they were only then conducting an "investigation" into the July 9, 2010 incident.

Wherefore, plaintiff respectfully requests that judgment be awarded in her favor and against the defendant Sheriff's Office of Cook County and against the defendant Salvador Godinez on Count II and that plaintiff be awarded damages that make her whole, including lost wages and lost value of her pension benefits, as well as compensatory damages, and punitive damages, plus costs and attorney's fees. Plaintiff also requests such additional damages and relief as the law allows in fairness and equity.

**Count III- Sheriff's Office of Cook County and Salvador Godinez-
Interference With Contractual Relations**

46-65. Plaintiff incorporates by reference herein the allegations in paragraphs 1 through 20 in Count I as and for her allegations for paragraphs 46 through 65 of Count III herein as though fully restated and realleged herein.

66. At all times relevant herein, the defendant Sheriff's Office of Cook County and Salvador Godinez knew that if they revoked plaintiff Karen Weed's security clearance for access to the jail it would interfere with her employment relationship with the Chicago Board of Education since she would be prevented from entering the jail and performing her contract with the Chicago Board of Education to perform as a schoolteacher in her assigned position at York

Alternative High School.

67. Defendants also knew that its own rules and regulations and policies and procedures required that a good faith, reasonable investigation first be performed before revoking Karen Weed's access to the jail; yet, defendants flagrantly and arbitrarily and capriciously failed to conduct any investigation and on July 19, 2010 revoked Karen Weed's access to the jail thus intentionally and knowingly interfering with her employment relationship that she had with the Chicago Board of Education.

68. Under these circumstances, punitive damages are warranted.

WHEREFORE, plaintiff prays for judgment in plaintiff's favor and against defendants on Count III for compensatory damages, past lost wages, lost benefits, front pay in lieu of reinstatement, lost earning capacity damages, punitive damages, costs and attorney's fees. Plaintiff also requests such additional damages and relief as the law allows in fairness and equity.

      Respectfully submitted,

      _s/Sharon Finegan Patterson

      Sharon Finegan Patterson
      Attorney for Plaintiff Karen Weed

Sharon Finegan Patterson, P.C.
39 S. LaSalle Street
Suite 1014
Chicago, IL 60603
312-855-1076